UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FIRST CHOICE SURGERY
CENTER OF BATON ROUGE,        :       CIVIL ACTION NO. 12-CV-0065
LLC, ET AL.

V.                             :       JUDGE TRIMBLE

UNITED HEALTHCARE
SERVICES, INC.                 :       MAGISTRATE KAY


## MEMORANDUM RULING

Before the court is a Motion to Remand [doc. 7], filed by plaintiffs First Choice Surgery Center of Baton Rouge, LLC (First Choice) and Arnold E. Feldman, M.D. This motion is opposed by defendant United Healthcare Services, Inc. (United). Doc. 13. For the reasons set forth herein, the plaintiffs' motion to remand [doc. 7] is **DENIED**.

### *Background*

This suit was originally filed on December 20, 2011, in Louisiana's 19th Judicial District Court for the Parish of East Baton Rouge. Doc. 1, att. 2, p. 4. In the state court petition, plaintiffs, First Choice and Dr. Feldman, allege that defendant, United, has breached a contract for medical insurance. *Id.* at 6. Specifically, the plaintiffs allege that a patient who was insured by United received medical treatment from Dr. Feldman at First Choice. The patient assigned all claims for payment of insured benefits to the plaintiffs.

After rendering treatment an insurance claim was submitted by plaintiffs to United for payment under the provisions of the patient's policy. The total facility charges for the procedures performed amounted to $38,281.65 but the plaintiffs aver that United has only paid $13,553.63. Therefore, the plaintiffs have filed suit against United seeking the remaining

amount owed, as well as, additional damages for tortuous interference with the plaintiffs' business operations. *See id.* at 4-8.

United removed this suit to federal court on February 3, 2012. Doc. 1. In the notice of removal United suggests that removal is proper because this court has federal-question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, United suggests that the plaintiffs' claims relate to an employee welfare benefit plan which is subject to the Employee Retirement Income Security Act (ERISA) as contained in 29 U.S.C. § 1132(a). In such a situation, United asserts that the plaintiffs' state law claims are preempted by ERISA; therefore, removal of this case to federal court is proper. *See* doc. 1, p. 2-3.

On March 1, 2012, the plaintiffs filed the instant motion to remand. Doc. 7. The plaintiffs urge two separate grounds for remand therein. First, the plaintiffs contend that United has failed to meet the procedural requirements for removal as contained in 28 U.S.C. § 1441(b), in that the notice of removal was filed beyond thirty (30) days of service of process. Doc. 7, att. 1, p. 2. The plaintiffs note that service was rendered on United's agent for service of process, the Louisiana Secretary of State, on January 3, 2012. *Id.*; *see also* doc. 7, att. 2. Therefore, the plaintiffs conclude that removal was untimely when United filed its notice of removal on February 3, 2012, thirty-one (31) days later.

Next, the plaintiffs contend that their claims are not preempted by ERISA. Doc. 7, att. 1, p. 4. The plaintiffs argue that their claims are not governed by ERISA because they are not a "participant or beneficiary" as contemplated in 29 U.S.C. § 1132(a); rather, they argue that they are third-party providers who have no standing to bring a claim under ERISA. Therefore, the plaintiffs conclude that there is no federal question in this case and that this court is devoid of subject-matter jurisdiction. *See id.* at 4-6.

United opposes remand and argues that the plaintiffs have erroneously applied the applicable law. Doc. 13. With respect to the procedural requirements of 28 U.S.C. § 1441(b), United contends that "district courts within the U.S. Fifth Circuit have unanimously held that service on a statutory agent (such as the Louisiana Secretary of State's Office), on behalf of a foreign insurer, does not trigger the thirty (30) day removal clock[;]" instead, United suggests that actual notice is required for the thirty day time period to begin. *Id.* at 2-3. Here, United was notified by the Louisiana Secretary of State that service had been rendered on January 4, 2012; therefore, United argues that its notice of removal was timely when filed on February 3, 2012, thirty days later.

Next, United argues that, while the plaintiffs are not traditional participants or beneficiaries under ERISA they can obtain derivate standing as such when they proceed by way of assignment in seeking reimbursement from an ERISA governed health plan. *Id.* at 5. In other words, it is United's contention that when the patient assigned to plaintiffs his or her rights to receive compensation from United for medical treatment, the plaintiffs assumed the position of an ERISA beneficiary. Further, in such a situation, United argues that ERISA preempts any and all state law claims relating to the distribution of the insurance proceeds. Therefore, United concludes that this court has federal-question jurisdiction and that the plaintiffs' motion to remand should be denied. *Id.* at 5-6.

### *Law & Analysis*

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and by statute. *Id.* Federal courts have original jurisdiction in all civil matters arising under federal law. *See* 28 U.S.C. § 1331. Civil actions that are filed in state court may

be removed to federal court by a defendant if the conditions set forth in section 1331 are met. *See* 28 U.S.C. § 1441.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). To assess whether jurisdiction is appropriate the court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### I.     *Procedural Requirements of 28 U.S.C. § 1446(b)*

The first argument raised by the plaintiffs' in their motion to remand is that United did not adhere to the procedures of 28 U.S.C. § 1446(b) in timely filing its notice of removal.

28 U.S.C. 1446(b) provides:

> **Requirements; generally.**—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

The evidence before this court is that United was served, through the Louisiana Secretary of State's Office, on January 3, 2012. The Secretary of State notified United on January 4, 2012. United then removed this suit on February 3, 2012, thirty days after it was actually notified about this suit and thirty-one days after service was rendered on the Secretary of State.

The plaintiffs suggest that section 1446(b) indicates that the notice of removal must be filed within thirty days of service regardless of actual notice to a defendant. However, as United

suggests, the vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty day removal clock. *See, e.g., Brown v. S.L. Netterville Logging, Inc.*, No. 09-200, 2009 WL 1875755, at *3 (M.D. La. June 26, 2009); *Backes v. Colonial Life & Accident Ins. Co.*, No. 06-215, 2006 WL 901799, at *2 (E.D. La. April 4, 2006); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Serv.Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D. La. 2001) ("the general rule is that the thirty-day clock does not begin to run when statutory agent such as Secretary of State is served"); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D. La. 1996) ("[s]ervice upon the Secretary of State does not commence the thirty day removal period . . .[the] removal period begins when the named defendant actually receives a copy of the initial pleading") (citing *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811, 812-13 (W.D. La. 1983)); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3732, p. 286-88 (3d ed. 1998).

While the above cited cases are not binding precedent, and the Fifth Circuit has not specifically addressed this issue, this court finds no reason to depart from the well established rule that the thirty day time period for removal does not begin to run until a defendant is actually supplied with a plaintiff's initial state court petition. In this case, United filed its notice of removal thirty days after receiving the plaintiffs' initial petition from the Louisiana Secretary of State. Therefore, this court finds that United timely filed its notice of removal.

## II.     *ERISA Preemption*

As described above, the removing party bears the burden of establishing that federal subject-matter jurisdiction exists. In this case, United has attempted to do this by arguing that

the plaintiffs' state law claims are preempted by ERISA; thus establishing federal-question jurisdiction under 28 U.S.C. § 1331.

Generally, the presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

However, there is an exception to the well-pleaded complaint rule; "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state law claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation omitted). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Id.* at 208 (internal quotation and citation omitted).

The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008) (citing *Aetna Health Inc*, 542 U.S. at 208). To this end, ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .." 29 U.S.C. § 1144(a). The United States Supreme Court has stated that a law "relates to" an employee benefit plan and is preempted if it has a connection with or reference to the plan. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

Under Fifth Circuit precedent, to determine whether a state law relates to a plan for purposes of ERISA preemption, the court should ask: "(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *McAnteer*, 514 F.3d at 417 (citing *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006)).

In this case, the plaintiffs' state court petition clearly shows that their claims arise from allegations that United "failed to properly pay or process" the insurance claim stemming from the patient's medical treatments at the plaintiffs' facility. Doc. 1, att. 2, p.4-5. Plaintiffs' claims address the right to receive benefits under the patient's ERISA plan and the claims thus satisfy the first prong for federal preemption. Therefore, this case then turns on whether "traditional" parties are involved when the plaintiffs (health care providers) have asserted standing to bring such claims due a patient's assignment of her rights.

ERISA does not preempt state law claims when brought by independent, third-party health care providers (such as hospitals) against an insurer. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243-46 (5th Cir. 1988). However, "a hospital's state-law claims . . . are preempted by ERISA when the hospital seeks to recover benefits owed under the plan to a plan participant who has assigned her right to benefits to the hospital." *Transitional Hosp. Corp. v. Blue Cross & Blue Shield of Tx., Inc.*, 164 F.3d 952, 954 (5th Cir. 1999) (citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)).

In this case, the ERISA plan participant assigned her right to benefits under her plan to the plaintiffs. The plaintiffs now seek to assert this assigned right against United. The plaintiffs

state law claims are thus preempted by ERISA. Therefore, this court has federal-question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## *Conclusion*

For the reasons above, it is found that federal-question subject-matter jurisdiction exists in this case and the plaintiffs' Motion to Remand [doc. 7] is **DENIED.**

THUS DONE this 30th day of July, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE